UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES A. HARNAGE, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | Civil No. 3:16cv1972(AWT) |
| : | |
| C.C. GAUDETTE, et al., : | |
|     Defendants. : | |

### RULING AND ORDER

The plaintiff, James A. Harnage, who is currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, initiated this action by filing a complaint pro se, pursuant to 42 U.S.C. § 1983.  On December 12, 2016, the court denied plaintiff's motion to proceed in forma pauperis under the three-strikes provision of 28 U.S.C. § 1915(g) because he previously had three cases dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See Ruling and Order, ECF No. 6.[1]  The plaintiff

---

[1] The prior cases that the court dismissed as frivolous or for failure to state a claim upon which relief may be granted are: Harnage v. Torres, 3:15cv1843(AWT) (dismissed January 11, 2016); Harnage v. Coletti, 3:16cv1537(AWT)(dismissed November 1, 2016); and Harnage v. Murphy, 3:16cv1651(AWT)(dismissed November 1, 2016).

seeks reconsideration of that decision.  After review, the court concludes that the requested relief should be denied.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration may not be used to relitigate an issue the court already has decided. See Shrader, 70 F.3d at 257; SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

The plaintiff asserts two arguments in support of his motion.  First, he argues that two of the dismissals cited in the prior order should not count as strikes because appeals of the dismissals are pending.  Second, he contends that cases dismissed as time-barred are not frivolous and should not count as strikes.

I.   **Pending Appeals**

The plaintiff states that he has appealed the dismissals in Harnage v. Coletti, 3:16-cv-1537(AWT), and Harnage v. Murphy, 3:16-cv-1651 (AWT).[2]  He cites cases from other circuits to

---

[2]   The court notes that on December 5, 2016, the Court of

support his position that a dismissal must be affirmed on appeal before it can constitute a strike under section 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (opining that a dismissal should not be counted as a strike until the prisoner has exhausted or waived an appeal); see also Thompson v. Drug Enforcement Admin., 492 F.3d 428, 432 (D.C. Cir. 2007); Campbell v. Davenport Police Dep't, 471 F.3d 952, 953 (8th Cir. 2006); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999). None of the cited cases are binding on this court and all of the cases were decided before the Supreme Court addressed the issue.

In 2015, the Supreme Court held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." Coleman v. Tollefson, ___ U.S. ___, 135 S. Ct. 1759, 1763 (2015). The Court noted that this interpretation of the term "dismissal" is consistent with the manner in which district court judgments are treated. Without a specific stay, judgments are effective as soon as they are entered, notwithstanding any appeal that may

---

Appeals for the Second Circuit affirmed the dismissal, on statute of limitations grounds, of the complaint filed in Harnage v. Torres, 3:15cv1843(AWT). See Harnage v. Torres, Court of Appeals Docket No. 16-437, 2016 WL 7077601 (2d Cir. Dec. 5, 2016) (Summ. Order and J. affirm'g D. Ct. J.).

have been filed.  Id. at 1764.  The Supreme Court noted that if a dismissal that had been counted as a strike were later overturned, the prisoner could move to reopen any case for which in forma pauperis status was denied based on that strike and reapply for in forma pauperis status.  See id.  Thus, in light of the Supreme Court's decision, the plaintiff's first argument fails.

**II.  Dismissals as Time-Barred**

The plaintiff argues that a dismissal based on the statute of limitations is not frivolous as that term has been defined by the Supreme Court.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (claim is frivolous if it lacks an arguable basis in fact or law).  The court agrees that a dismissal based on statute of limitations grounds is not frivolous.  However, the plaintiff fails to acknowledge that frivolousness is not the only basis for dismissal under 28 U.S.C. §§ 1915 and 1915A.  The court must dismiss a case that is frivolous or malicious or that fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Thus, the fact that the claims are not frivolous does not render the court's decision incorrect.

The plaintiff also argues that a dismissal on statute of limitations grounds should not count as a strike because it is based on an affirmative defense. Again, he cites nonbinding cases from other circuits to support his position. See Butler v. Department of Justice, 492 F.3d 440, 443-45 (D.C. Cir. 2007)(considering dismissal for failure to prosecute); Thompson, 492 F.3d at 437 (dismissal for lack of jurisdiction is not frivolous and is different from dismissal for failure to state a claim upon which relief may be granted); Myles v. United States, 416 F.3d 551, 553 (7th Cir. 2005) (dismissal as time-barred should not count as a strike); Daniels v. Woodford, No. CV 07-6975PA(JC), 2008 WL 2079010, at *6, 8 (C.D. Cal. May 13, 2008)(dismissals for failure to prosecute or after summary judgment do not count as strikes).

First, a ruling on a motion to proceed in forma pauperis is not the proper vehicle to challenge the correctness of a prior dismissal. If the plaintiff believes that a prior dismissal was improper, his recourse is an appeal of the dismissal. One of the cases cited by the plaintiff supports this position. See Thompson, 492 F.3d at 438-39 ("[E]ven though a court may believe that a previous court erred by dismissing … under Rule 12(b)(6) or by failing to do so, all that matters for the purpose of

5

counting strikes is what the earlier court actually did, not what it ought to have done.").

Second, even though the challenge to the prior dismissal is not properly asserted in this motion, the court will address the argument.  The Second Circuit has not specifically addressed this issue.  However, the Second Circuit has held that "the apparent purposes of Section 1997e(c)(3) and of the three strikes provision of Section 1915(g) strongly imply that the dismissal contemplated in these provisions is one that finally terminates the action because of a determination that it ultimately cannot succeed."  Snider v. Melindez, 199 F.3d 108, 111 (2d Cir. 1999).

Other district courts within the Second Circuit have held that the court may properly dismiss a case sua sponte for failure to state a claim upon which relief may be granted where an affirmative defense, like the statute of limitations, is apparent on the face of the complaint. See Jones v. Moorjani, No. 13 Civ. 2247(PAC)(JLC), 2013 WL 6569703, at *8 n.16 (S.D.N.Y. Dec. 13, 2013); see also Nealy v. Kamas, No.12-CV-6201-CJS, 2013 WL 140111, at *2 (W.D.N.Y. Jan. 10, 2013) (dismissal on statute of limitations grounds is dismissal for failure to state a claim upon which relief may be granted and

counts as a strike).  This court agrees with the reasoning in those opinions.

Thus, the dismissals in all three cases on statute of limitations grounds constituted strikes for purposes of 28 U.S.C. § 1915(g), and plaintiff's second argument fails.

### III. Conclusion

The plaintiff's motion for reconsideration [**ECF No. 7**] is hereby **GRANTED**.  After review, the relief requested is hereby **DENIED** and the ruling denying plaintiff's motion to proceed in forma pauperis under the three-strikes provision of 28 U.S.C. § 1915(g) remains in effect.

It is so ordered.

Signed this 13th day of March 2017 at Hartford, Connecticut.

                                /s/AWT
                          Alvin W. Thompson
                    United States District Judge